UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THIAGO NATAN DE ASSIS,<br><br>            Petitioner,<br><br>       v.<br><br>ANTONE MONIZ, in his official capacity as Superintendent, Plymouth County Correctional Facility,<br>PATRICIA HYDE, in her official capacity as Field Office Director of U.S. Immigration and Customs Enforcement,<br>MICHAEL KROL, in his official capacity as HSI New England Special Agent in Charge,<br>TODD LYONS, in his official capacity as Acting Director of U.S. Immigrations and Customs Enforcement,<br>MARKWAYNE MULLIN, in his official capacity as U.S. Secretary of Homeland Security,<br><br>          Respondents. | CIVIL ACTION<br>NO. 26-11656-WGY |

YOUNG, D.J.                                                  April 22, 2026

## ORDER

The Court has reviewed the petition filed by Petitioner Thiago Natan De Assis ("De Assis") for habeas corpus relief under 28 U.S.C. § 2241 ("Pet." or "the Petition"), ECF No. 1, as well as the Respondents' response, Resp'ts' Resp. Habeas Pet'r's

Habeas Pet. ("Resp."), ECF No. 6. The Court hereby ALLOWS the Petition insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving De Assis poses a danger to the community or flight risk, see Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021), and ORDERS this hearing be held within seven (7) days of the date of this Order. The Court further ORDERS Respondents to file a status report -- stating whether Petitioner has been granted bond and, if his request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

FACTUAL BACKGROUND. De Assis is a native and citizen of Brazil. Pet. ¶¶ 1, 21. He was detained by Immigration Customs Enforcement ("ICE") on or about April 8, 2026, and has since remained in its custody. Id. ¶¶ 2, 31. De Assis contends that his detention violates INA provisions and his rights under the Due Process Clause of the Fifth Amendment. Id. ¶¶ 34-35, 37-38, 44, 46-47. Thus, De Assis requests a bond hearing. Id. ¶ 12, and at 8.

ANALYSIS. District courts retain jurisdiction to hear noncitizens' challenges to the legality of their immigration detention. Kong v. United States, 62 F.4th 608, 614 (1st Cir.

[2]

2023).  Since De Assis challenges his continued detention, this Court has jurisdiction over his petition.

De Assis claims he has resided in the United States since September 2023.  Pet. ¶ 28.  This Court agrees with petitioner De Assis that his custody is governed by 8 U.S.C. § 1226(a) which, as due process requires, entitles him to a bond hearing before an immigration judge.  This conclusion is consistent with a growing body of this court's rulings in similar cases.  See, e.g., Sampiao v. Hyde, 799 F. Supp. 3d 14, 19-20 (D. Mass. 2025) (Kobick, J.); De Andrade v. Moniz, 802 F. Supp. 3d 325, 333 (D. Mass. 2025) (Saylor, J.); Araujo da Silva v. Bondi, No. 25-CV-12672-DJC, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025) (Casper, C.J.); Chuqui Paredes v. Moniz, No. CV 26-10335-FDS, 2026 WL 309632, at *2 (D. Mass. Feb. 5, 2026) (Saylor, J.). Notably, Respondents do not contest Petitioner's eligibility for a bond hearing.  Resp. at 1-2.

For the foregoing reasons, the Court rules as follows.  The Court ALLOWS the Petition, ECF No. 1, insofar as it seeks a bond hearing/individualized custody redetermination before an immigration judge, at which the government bears the burden of proving that De Assis poses a danger to the community or flight risk, see Hernandez-Lara, 10 F.4th at 41, and ORDERS this hearing be held within seven (7) days of the date of this Order.

[3]

The Court ORDERS Respondents to file a status report -- stating whether petitioner De Assis has been granted bond and, if the request for bond is denied, the reasons for the denial -- within ten (10) days of this Order.

SO ORDERED.

William A. Young

WILLIAM G. YOUNG
DISTRICT JUDGE

[4]